Amjad M. Khan (SBN 237325)
*amjad@bnsklaw.com*
Jill R. Glennon (SBN 204506)
*jill@bnsklaw.com*
**BROWN NERI SMITH & KHAN LLP**
11766 Wilshire Boulevard, Suite 1670
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

*Attorneys for Plaintiff*
REACHLOCAL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| REACHLOCAL, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>PPC CLAIM LIMITED, a British limited company; KIERAN PAUL CASSIDY, an individual; and DOES 1-50,<br><br>            Defendants. | Case No. 2:16-cv-01007-R-AJW<br><br>Judge: Hon. Manuel L. Real<br><br>**PROTECTIVE ORDER** |

WHEREAS, Plaintiff ReachLocal, Inc. ("ReachLocal") and Defendants PPC Claim Limited ("PPC Claim") and Kieran Paul Cassidy (collectively the "Parties") agree that disclosure and discovery activity in this action is likely to involve the production of proprietary business information concerning the Parties;

WHEREAS, good cause exists for the issuance of a protective order to maximize efficiencies in the conduct of fact discovery, to protect certain confidential, proprietary, and trade secret information and to ensure the preservation of relevant evidence, the Court hereby enters the following Protective Order ("Order"):

1.  The following procedures shall govern the production of all materials (whether in electronic, hard copy or computer readable form) during discovery and presentation to the Court of pleadings in this action, including but not limited to, answers to interrogatories, requests for admissions, all documents produced by parties and nonparties, responses to subpoenas duces tecum, deposition testimony, information contained therein, information provided during any settlement discussions, and all information and documents already provided by the producing or authoring party (collectively, "Discovery Material").

2.  The following definitions shall apply to this Order:

    a.  The "Designating Party" shall mean the producing or authoring party of the Discovery Material.

    b.  The "Receiving Party" shall mean the party receiving Discovery Material.

    c.  "Confidential Information" means any Discovery Material, which contains non-public, confidential or proprietary information, whether personal or business related, including, without limitation, non-public personally identifying information held by a Designating Party on behalf of its customers

and users that may be used to identify a specific individual as set forth in Title 18, United States Code, Section 1028(d)(7) and California Civil Code §1798.80(e). Certain limited types of "Confidential Information" may be further designated, as defined and detailed below, as "Attorney's Eyes Only Information."

    d. "Attorney's Eyes Only Information" shall mean documents or information that the Designating Party deems in good faith to constitute or refer to trade secrets and sensitive financial or competitive information or Sensitive Customer Information.

    e. "Protected Information" shall mean Confidential Information and Attorney's Eyes Only Information.

    f. "Sensitive Customer Information" shall mean confidential, non-public financial account information about a Designating Party's customer.

   3. The following instructions shall apply:

    a. All Confidential and Attorneys Eyes Only designations shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender to the Receiving Party, or at such other time as permitted by this Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a party may so designate Discovery Material after such inadvertent failure, subject to the protections of this Order. Designations of Confidential or Attorneys Eyes Only shall constitute a representation that such Discovery Material has been evaluated by an attorney for the Designating Party and that there is a valid and good faith basis for such designation, and that disclosure of such information to persons other than those permitted access to such material hereunder would cause injury to the Designating Party or non-party.

    b. The designation of Discovery Material in the form of documents, responses to admissions and interrogatories, or other tangible materials (including, without limitation, CD-ROMs and tapes) other than depositions or other pre-trial testimony, as Protected Information shall be made by

the Designating Party in the following manner, and shall not be disclosed to anyone else.

      i. Documents designated "Confidential" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL" or "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Confidential Information (or, in the case of computer medium, on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall be identified by Bates number. To the extent practical, the Confidential legend shall be placed near the Bates number.

      ii. Documents designated "Attorney's Eyes Only" shall be so marked by conspicuously affixing the legend "ATTORNEY'S EYES ONLY" or "ATTORNEY'S EYES ONLY PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Attorney's Eyes Only Information (or, in the case of computer medium, on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall be identified by Bates number. To the extent practical, the Attorney's Eyes Only legend shall be placed near the Bates number.

    c. If a document has more than one designation, the more restrictive or higher confidentiality designation applies.

    d. Only information or material that the Designating Party shall, in good faith, deem Protected Information shall be so designated, but an entire document or materials may be designated as Protected Information if any part of it contains Protected Information, unless the Designating Party elects to designate only portions of the document or material as Protective Information. The attorneys of record for such Designating Party shall be deemed to have certified that such counsel believes that the designation has been made in good faith and that there are substantial grounds in law and fact to support the designation.

4. Protected Information shall not include any Discovery Materials which:

    a. Have been or become lawfully in the possession of the Receiving Party without obligations of confidentiality through other litigation or communications other than production or disclosure in this action; or

    b. Are or have been publicly available website pages; or

    c. Have been or become publicly available not due to any unauthorized act or omission on the part of the Receiving Party.

Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

5. Subject to sections 7 and 8 of this Order, "Qualified Persons" having access to Discovery Material designated "Attorney's Eyes Only" under this Order, in this action are the following and no one else:

    a. The party's inside counsel and retained counsel of record, including their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials; and employees or agents of counsel of record (including reputable litigation support firms) to the extent reasonably necessary to render professional services in this action and provided that such persons are actively engaged in the prosecution or defense of this action;

    b. The Court or any other court having jurisdiction over discovery procedure in this action (if filed under seal) or any special master or mediator appointed to this action;

    c. (i) retained outside independent consultants and/or retained independent experts who are employed to furnish expert or technical services in connection with discovery or preparation for trial who are, respectively not otherwise affiliated in any way with either party and who have complied with the provisions in section 7, including the completion of Exhibit A;

        d.    stenographic and video reporters engaged in proceedings incident to this action; and

        e.    outside document copying services.  Notwithstanding any other provision of this Order, access to Protected Information shall be permitted to such vendors, without need for the completion of Exhibit A.  The outside counsel providing Protected Information to outside document copying services shall be responsible for that service's compliance with the provisions of this Order.

6.    "Qualified Persons" having access to Discovery Material designated "Confidential Information" under this Order, in this action are the following:

        a.    persons entitled to receive Attorney's Eyes Only Information pursuant to section 5; and

        b.    parties and party representatives assigned to and necessary to assist in the conduct of this action and who have complied with the provisions in section 7 including the completion of Exhibit A.

7.    Before any person described in Section 5(d)(i) is given access to Protected Information, the individual to whom disclosure is to be made shall first read this Order and then sign and date a declaration substantially in the form attached hereto Exhibit A.  A copy of such declarations shall be held by counsel of record for the party disclosing the Protected Information.  At least three (3) business days prior to disclosing Attorney's Eyes Only Information to any person described in section 5(c)(i), the person or party making such disclosure shall provide counsel for the Designating Party with a copy of the declaration signed by the expert or consultant to whom disclosure is being made.  Providing the Designating Party with a copy of the declaration signed by the expert consultant does not, in itself, render that expert or consultant subject to any discovery, including a deposition.

8. A party designating documents or information as "Confidential" or "Attorney's Eyes Only" may object to the disclosure of such documents to any person described in section 5(c)(i) whose identity has been disclosed pursuant to section 7 by giving written notice to the producing party and to all other parties. If such dispute cannot be resolved within five (5) business days of the receipt of such notice, the objecting party may file a motion with the Court within the next five (5) business days for a ruling seeking to prevent such disclosure. No disclosure shall be made to the attorney, expert, or consultant until the objecting party's timely motion has been decided.

9. Qualified Persons defined in section 6(b) shall be allowed access to Protected Information only after complying with the following procedure:

    a. Before receiving access to any Protected Information, the person shall be furnished with a copy of this Order and shall acknowledge, by executing the acknowledgment form attached hereto as Exhibit A, that he or she has read this Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Order.

    b. Outside counsel for each Receiving Party shall retain a copy of each such acknowledgement form (Exhibit A).

10. Protected Information and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this action and any appeals therefrom and shall not be made available, or disclosed, or summarized to any persons, including the parties, their affiliates, parents, or related entities, other than as permitted by the terms of this Order. However, nothing in this Order shall bar or otherwise restrict any trial counsel from rendering advice to his client with respect to this litigation and, in the course thereof, relying generally upon his examination of documents or information designated as Confidential

Information.  Attorney's Eyes Only Information, provided, however, that in rendering such advice and to otherwise communicating with his clients, the trial counsel shall not disclose any content or the source of such information or documents contrary to the terms of this Order.  Protected Information shall be maintained by the Receiving Party our their counsel under the overall supervision of outside counsel.

      11.   The Receiving Party may assert that documents, information and materials produced by the Designating Party contain or reflect the Receiving Party's own trade secrets and, confidential and proprietary business and financial information or Sensitive Customer Information.  The Receiving Party must make such assertions within twenty-one (21) business days of receipt of such documents or any subsequent event that would render publicly available documents previously produced confidentially or under seal.  The Designating Party shall then make all reasonable efforts to determine whether such documents, information, and materials contain or reflect the Receiving Party's own trade secrets and, confidential and proprietary business and financial information or Sensitive Customer Information, and if it disagrees, agrees the parties shall proceed on the schedule and in accordance with the procedures provided in Paragraph 23 for judicial resolution, with the materials retaining its protection pending such resolution.

      12.   Any person in possession of Protected Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such Information in order to ensure that the Confidential and Attorney's Eyes Only nature of the same is maintained and that it is not shared with any person or used for any purpose not expressly authorized by this Order.

      13.   If Protected Information is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of

the Designating Party of the Protected Information and make every reasonable effort to retrieve such Information and to prevent further disclosure.

14. When the Protected Information is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons permitted by sections 5-6 of this Order have access to such Protected Information are present. Nothing in this Order shall limit or restrict any party's right to inquire about or show Protected Information to a deponent that is an officer, director, employee, or agent of the party or non-party that produced the Protected Information. In connection with any deposition, the witness may, at deposition or its preparation, be examined about or shown a document or thing containing designated Protected Information with the consent of the party producing the same (which consent shall not be unreasonably withheld), or if it appears from the face of the document that the witness authored or received a copy of it or if the witness is authorized under section 5-6 of this Order to have access to such Protected Information.

15. Nothing in this Order shall prevent a party from using any Discovery Materials designated as Protected Information at depositions, during a hearing or motion or the trial, but the party using such Information or material must request that the portion of the proceeding be maintained under seal in accordance with section 20 hereof, with access thereto limited to persons entitled to access under this Order. If any party intends to disclose Protective Information in open court, the disclosing party shall first reasonably inform the opposing party, so that such opposing party may request that the disclosure be made in camera.

16. Nothing herein shall prevent disclosure if each party designating information as Confidential Information or Attorney's Eyes Only Information consents to such disclosure.

17. Any deposition transcript containing Protected Information shall be marked on the cover, as appropriate, and shall indicate within the transcript what

information has been so designated. Whenever possible, the stenographic reporter shall be requested, prior to the deposition (where the attorneys have reason to believe the testimony will contain Protected Information) or when the Protected Information is disclosed (when not previously anticipated), to separate those portions of the transcript containing said Protected Information and separately bind it from the non-confidential portions. However, a party may designate any portion or all (if appropriate) of the transcript as containing Confidential Information or Attorney's Eyes Only Information by so advising, with reasonable precision as to the affected testimony, the deposition reporter, who shall, accordingly, indicate in the deposition transcript what portions of the testimony (or exhibits thereto) were so designated, or by so advising all other parties in writing, and with page and line designations, within ten (10) business days after receipt of the transcript. Until ten (10) business days have passed after the receipt of any transcript, that entire transcript shall be deemed to be Attorney's Eyes Only Information. In the event of disagreement about the confidential status of a deposition transcript, it shall continue to be treated Confidential or Attorney's Eyes Only whichever protection is being sought, until this Court rules otherwise.

18. If a party, through inadvertence, produces any Protected Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the document or thing produced is deemed Protected Information and should be treated as such in accordance with the provisions of this Order, along with a replacement copy properly marked. The Receiving Party shall treat such documents and things as Confidential Information or Attorney's Eyes Only Information from the date such notice is received. Disclosure, prior to the receipt of such notice, of such Confidential Information or Attorney's Eyes Only Information to persons not authorized to receive Confidential Information

or Attorney's Eyes Only Information shall not be deemed a violation of this Order.

19. Protected Information (including portions of documents or transcripts) or any document, pleading or brief which discloses the substance or content of Protected Information used in connection with any motion, or written submission, hearing or trial in this action, shall be filed, under seal, for the Court's in camera inspection. To assist the Clerk, any document or object placed under seal, pursuant to this Order, shall be filed in the Clerk's Office in a sealed envelope or other appropriately sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container, and the words "Under Seal – Subject to Protective Order Contains Confidential or Attorney's Eyes Only Information" and shall otherwise comply with the Court's order on the subject. Any party that electronically files any Discovery Material that reflect, contain, or include any information or documents subject to this Order shall take the necessary actions to ensure that the discovery materials are filed and kept by the Court under seal. Any Discovery Material or other information that a Designating Party had designated Confidential or Attorney's Eyes Only and therefore may be freely disclosed.

20. In the event that any pleading is filed Under Seal in this action, the party filing that document will also file a public, redacted version of the document deleting the information that is not subject to confidentiality designation.

21. Entering into this stipulated protective order, agreeing to and/or producing or receiving Protected Information or otherwise complying with the terms of this Order shall not:

    a. operate as an admission by any party that any Discovery Material designated as Protective Information contains or reflects trade secrets or

any other type of confidential or proprietary information entitled to protection under applicable law or this Order;

  b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission to any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Protected Information;

  c. prejudice in any way the rights of any party to object to the authenticity or in evidence of any document, testimony or the evidence subject to this Order;

  d. prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Protected Information should be subject to the terms of the Order;

  e. prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Protected Information;

  f. prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Protected Information more broadly than would otherwise be permitted by the terms of this Order;

  g. prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Discovery Material designated as Protected Information by that party;

  h. prejudice in any way the rights of any party to assert or resist the assertion of, any claim or defense, including a procedural defense or challenge.

22. The signing of this Order or failure of a party, at the time it receives Discovery Materials designated as Protected Information, to challenge or object to the Protective Information designation shall not be deemed a waiver of its right

to challenge or object to the Protected Information designation at any later time. Any party may, at any time, request permission to use or disclose information with Confidential or Attorney's Eyes Only designations other than as permitted, or may request a change in the designation of the Protected Information pursuant to this section, by serving (by email and facsimile with confirmed transmission) a written request upon counsel for the Designating Party. Such request shall specifically identify the Protected Information sought to be disclosed, including the Bates number of the documents(s), and if (a) the party seeks to disclose the information to a person, then the party must include that person's name, title, and function and notice that the person has complied with the provisions in section 9, including the completion of Exhibit A; or (b) the party seeks to modify the designation of the document, then the party must provide a justification for the change in the designation of the document. The Designating Party shall thereafter respond to the request in writing within ten (10) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If where consent has been withheld, the parties are subsequently unable to agree on either the terms and conditions of the disclosure or the proposed change in designation within five (5) business days thereafter, the matter may be submitted to the Court for resolution upon motion by the party seeking either the disclosure or the changed designation, and such disclosure or change shall be postponed until a ruling has been obtained from the Court.

23.   Notwithstanding any default provisions of this Order providing for confidential treatment, in the event of disagreement, the party asserting confidentiality shall have the burden of proving that the information at issue is entitled to the protection of this Order.

24.   All provisions of this Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all

persons who have received information under this Order, after the conclusion of this action, including all appeals, unless the parties agree otherwise in writing. Any and all original and copies of Discovery Material designated as Protected Information shall, at the request of the Designating Party, be returned to the party within sixty (60) calendar days after a final judgment herein or settlement of this action, or, at the option of the Receiving Party, destroyed in that time frame, except that outside counsel for each party may maintain in its files (in paper copies and/or electronically) pleadings filed with the Court, written discovery responses served on the parties, each deposition transcript, together with the exhibits marked at the deposition, the trial transcript together with trial exhibits, and documents constituting work product which were internally generated based upon or which include Protected Information.  In the event that outside counsel maintains such documents, it shall not disclose material containing any type of Protected Information to another party absent subpoena or court order.  Upon receipt of any subpoena for such Protected Information, the party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests.  In the event that documents are returned to or destroyed at the request of the producing or receiving party, the other party or its outside counsel shall certify, in writing, that all such documents have been returned or destroyed, as the case may be.

    25.    This Order is not intended to deal with any discovery objections on the grounds of attorney-client privilege or work product immunity or to preclude any party from seeking relief either from a provision of this Order or any other relief from this Court, which may be appropriate under the Federal Rules of Civil Procedure.  The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not

limited to, the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such Information provided that the Designating Party shall immediately notify Receiving Party, in writing, when inadvertent production is discovered.  If prompt notification is made and the Designating Party describes in detail the circumstances surrounding the document's alleged inadvertent production, then the Receiving Party shall, upon request:

    a.    return or destroy all such inadvertently produced documents and all copies thereof, or

    b.    place all such inadvertently produced documents and all copies thereof in a sealed envelope and move the Court for an order on this issue. Counsel for the Receiving Party shall not use such information for any purpose until further order of the Court.

Any analyses, memoranda or notes which are internally generated based upon such inadvertently produced Discovery Materials shall immediately be treated in conformance with either subparagraph (a) or (b) hereof.

26.    Any party to this Order may move the Court for relief deemed appropriate based upon a violation of the terms of this Order pursuant to the procedures provided for by the Federal Rules of Civil Procedure and this Court's Local Rules.

27.    Until such time as this Order or an alternative protective order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it has been "So Ordered."

28.    Third parties who produce information in this action may avail themselves of the provisions of this Order, and Discovery Material produced by third parties shall be treated by the parties in conformance with this Order.  As necessary or appropriate, a party may request that a non-party execute Exhibit A to this Order.

29. Any Protected Information filed with the Court pursuant to section 20 shall remain under seal until further Order of the Court.

30. In the event that anyone shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order. The parties and any other persons subject to the terms of this Order agree that the Court shall have and retain jurisdiction over it and them limited to the purpose of enforcing this Order.

31. The Court retains jurisdiction over the parties after the dismissal of this action regarding any dispute concerning the improper use of information disclosed under protection of this Order.

**IT IS SO ORDERED**

Dated:    July 19, 2016          By: _____
                                       Hon. Manuel L. Real
                                       United States District Court Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Order") that was issued by the United States District Court for the Central District of California on _____ in Case No. 2:16-cv-01007-R-AJW. I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California solely for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

I further agree to service of process by first class mail at the address listed above and waive any objections to service of process by first class mail.

DATED: _____

_____