1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RAINES FELDMAN LLP
Erik S. Syverson (Bar No. 221933)
        esyverson@raineslaw.com
Scott M. Lesowitz (Bar No. 261759)
        slesowitz@raineslaw.com
9720 Wilshire Boulevard, 5th Floor
Beverly Hills, California 90212
Telephone:  (310) 440-4100
Facsimile:  (310) 691-1943

Attorneys for Defendants PPC Claims Limited
And Kieran Paul Cassidy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

REACHLOCAL, INC.,

                Plaintiff,

vs.

PPC CLAIMS LIMITED AND
KIERAN PAUL CASSIDY,

                Defendants

Case No. 2:16-cv-1007-R-AJW

**DEFENDANTS PPC CLAIM
LIMITED AND KIERAN PAUL
CASSIDY'S EVIDENTIARY
OBJECTIONS TO THE
DECLARATIONS OF JILL
GLENNON, AMJAD KHAN, ALLIE
BYRD, SHARON ROWLANDS,
STEVEN DOLLAR, KRIS BARTON,
PARAS MANIAR, AND MATT
RAMSEY**

Defendants PPC Claims and Kieran Paul Cassidy, hereby object as follows to the evidence submitted in opposition to their Motion for Summary Judgment, of in the Alternative Partial Summary Judgment.

## EVIDENTIARY OBJECTIONS TO THE
## DECLARATION OF JILL GLENNON

| **Evidence** | **Objection** | **Ruling** |
|---|---|---|
| Page 1: 16-18.  ¶ 3:<br>"Defendants' responses failed to comply with the requirements of the Federal Rules of Civil Procedure 33 and 36, raising untenable objections and refusing to provide substantive responses." | Improper expert testimony.<br>Assumes legal ruling on Defendants' responses pursuant the requirements of the Federal Rules of Civil Procedure 33 and 36. | ☐ Sustained<br>☐ Overruled |
| | Assumes facts not in evidence. | ☐ Sustained<br>☐ Overruled |
| | Lacks foundation [Fed. R. Evid. 901]. | ☐ Sustained<br>☐ Overruled. |
| | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled |
| | Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| Page 1: 28 - Page 2: 3.  ¶ 4: "Despite having conferred regarding the limited set of responses, Defendants raised the same, improper, boilerplate objections, refusing to produce documents or substantive responses to the vast majority of ReachLocal's requests." | Assumes legal ruling on Defendants' responses pursuant the requirements of the Federal Rules of Civil Procedure 33 and 36. | ☐ Sustained<br>☐ Overruled |
|  | Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled |
| Page 2: 7-11.  ¶ 4: "I spent 12.2 hours drafting a second Rule 37-1 letter, again setting forth Defendants' obligations under the discovery rules to investigate the responsive information in Defendants' possession, to provide that portion of the responsive material that is not objectionable and to raise only those objections that are factually and legally proper." | The amount of time Declarant spends drafting a letter is irrelevant [Fed. R. Evid. 402]. | ☐ Sustained<br>☐ Overruled |
|  | Improper expert testimony. [Fed. R. Evid. 701-703] | ☐ Sustained<br>☐ Overruled |
|  | Assumes legal ruling on Defendants' responses pursuant the requirements of the | ☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| | Federal Rules of Civil Procedure 33 and 36.<br><br>Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled |
| Page 2: 14-17.  ¶ 4: "The Exhibit included the disputed discovery requests verbatim, Defendants' responses verbatim and the factual and legal authorities supporting ReachLocal's arguments with respect to objections and responses Defendants made to each request." | Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled |
| Page 2: 21-28. Page 3: 1-2.  ¶ 6: "In light of Defendants' deficient responses, ReachLocal could not proceed with Mr. Cassidy's deposition on August 18." | Lacks foundation [Fed. R. Evid. 901] ReachLocal provides no support for the purported deficiency of Defendants' responses.<br><br>Assumes facts not in evidence.<br><br>Best Evidence Rule | ☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled<br><br>☐ Sustained |

| **Evidence** | **Objection** | **Ruling** |
|---|---|---|
| | [Fed. R. Evid. 1002].<br><br>Improper expert testimony.<br>[Fed. R. Evid. 701-703] | ☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |
| Page 3:21-26. ¶ 10: "ReachLocal's Initial Disclosures identified Mr. Barton as the individual with knowledge regarding the ReachLocal's database of client and ex-client information. Mr. Barton was also identified as the person with knowledge regarding the means by which ReachLocal's clients can be identified through publicly available search tools. Defendants have not deposed Mr. Barton or served any written discovery on ReachLocal whatsoever." | [Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled |
| Page 4: 14-19. ¶ 14: "I advised Mr. Syverson that Defendants had not produced any documents responsive to the first category of information. Mr. Syverson was referring to the spreadsheet reports generated by him, recently, and sent to | Lacks foundation/speculation [Fed. R. Evid. 901]. | ☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| ReachLocal by email as reflected in **Exhibits 1-3** (the "August Reports"). Mr. Syverson responded that he printed the reports from Defendants' SEMrush account at their direction." | | |
| Page 5: 19-25.  ¶ 18: "Regarding the third category of documents, Defendants' efforts to build a class action against ReachLocal, Mr. Syverson had no response to the factual and legal arguments in my meet and confer letter. He offered to supplement his objections to these requests in five days – an obvious ploy to delay ReachLocal's motion. I advised Mr. Syverson that he was required to have a response for me during the meet and confer and did not accept his proposal to amend the objections to these documents. *Id.* at 6:1-7:12." | Lacks foundation/speculation [Fed. R. Evid. 901]. | ☐ Sustained<br>☐ Overruled |
| Pages 5:28-6:1. ¶ 19: "The transcript clearly reflects Mr. Syverson refused to produce the documents and was only offering to | Lacks foundation/speculation [Fed. R. Evid. 901].<br><br>Improper expert | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained |

| Evidence | Objection | Ruling |
|---|---|---|
| expand on the objections. *Id.* at 9:23-11:16." | opinion. [Fed. R. Evid. 701-703] | ☐ Overruled |
| Page 6: 11-23. ¶ 22 "On August 15, 2015, I began drafting the motion to compel. Although I was on vacation that week, I spent 47.7 hours drafting the motion. Because Defendants refused to produce any portion of the disputed discovery requests, the joint stipulation required extensive work. In order to understand the relevance of ReachLocal's requests and explain Defendants' outright failures to provide documents which clearly exist and are within Defendants' possession custody and control, I worked with ReachLocal to provide declarations regarding their Database and the means by which a subset of the clients in ReachLocal's Database may be readily obtained using tools that "scrape" the Internet and compile a list of data. This extensive work that I was forced to complete as a result of Defendants' refusal to produce a bevy of relevant, non-privileged documents in their possession | The amount of time Declarant spent drafting the motion and her location and/or work status during that time are irrelevant to the present matter. [Fed. R. Evid. 402].

Lacks foundation [Fed. R. Evid. 602 and 901].

Improper expert testimony. [Fed. R. Evid. 701-703] | ☐ Sustained ☐ Overruled

☐ Sustained ☐ Overruled

☐ Sustained ☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| could not be completed until Monday, August 22, when we served Defendants with ReachLocal's portion of the Joint Stipulation." | | |
| Page 6:  24-25.  ¶ 23: "The remaining current and former clients in the Database are not readily identifiable." | Lack of personal and foundation [Fed. R. Evid. 602 and 901].<br><br>Improper expert testimony. [Fed. R. Evid. 701-703] | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |
| Pages 6: 27-28-7:6. ¶ 24: "Approximately 35 of ReachLocal's clients reported being contacted by Defendants (the "35 Reported Contacts"). Most of these clients forwarded the communications from Defendants. In support of the Motion to Compel, ReachLocal provided the declaration of Paras Maniar, who authenticated 5 of the emails and LinkedIn communications from Defendants." | Hearsay [Fed. R. Evid. 801].<br><br>Mischaracterizes Plaintiff's contact with its clients by using the word "most" instead of specifying the easily ascertainable number of clients who forwarded communications from | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| | Defendants'. | |
| | Lack of personal and foundation [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled |
| | Best Evidence Rule [Fed R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled |
| Page 7:15.  ¶ 26: "Mr. Syverson's declaration was provably false." | Asserts knowledge of Mr. Syverson's statements beyond her possible knowledge. Assumes facts not in evidence. Improper characterization of evidence. Misstates testimony. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled |
| | Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled |
| | Improper expert | ☐ Sustained |

| Evidence | Objection | Ruling |
|---|---|---|
| | testimony. [Fed. R. Evid. 701-703] | ☐ Overruled |
| Pages 7:16-8:1.  ¶ 27: "To determine whether the SEMrush and SEO Raven reports provided by Mr. Syverson identified the 35 Reported Contacts, I analyzed each of the August Reports in consultation with ReachLocal. I quickly noticed that the spreadsheets included duplicative entries for many of the websites in the report. I sorted two of the spreadsheets alphabetically, I merged duplicative cells and I counted the number of clients identified in each spreadsheet. My colleague sorted the third spreadsheet, merged the cells and counted the unique client entries. I counted only 692 unique client entries in the spreadsheet attached to **Exhibit 1**. My colleague counted only 157 unique client entries in the spreadsheet attached as **Exhibit 2**. In **Exhibit 8**, Mr. Syverson testified these first two spreadsheets identified 7,000 ReachLocal clients. In fact, the identified | Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].  Improper expert testimony. [Fed. R. Evid. 701-703]. | ☐ Sustained ☐ Overruled  ☐ Sustained ☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| approximately 850 websites. With respect to the third spreadsheet, which was attached to **Exhibit 3**, I counted only 3034 unique client entries (not the over 47,000 Mr. Syverson testified to)." | | |
| Pages 8:1-10, ¶ 27: "Mr. Barton provided a declaration stating that he analyzed the August Reports and concluded the SEMrush reports found ReachSearch clients whose proxy urls had been copied and pasted into another website.  Mr. Barton testified the SEO Raven report identified ReachEdge clients. 17 of the 35 Reported Contacts were in the SEO Raven Report. I found 2 of the 35 Reported Contacts in the SEMrush reports. Another of the 35 Reported Contacts did not appear in the August Reports, but provided a public testimonial on ReachLocal's website. Finally, the documents produced by Defendants evidenced the sources for 2 more of the 35 Reported Contacts. Accordingly, there is no evidence explaining how Defendants identified 13 of the 35 Reported Contacts." | Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Improper expert testimony. [Fed. R. Evid. 701-703].<br><br>Best Evidence Rule [Fed. R. Evid. 1002].<br><br>Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| | | |
| Page 8:11-17. ¶ 28: "The newly produced materials included some, but not all, of Defendants' communications with ReachLocal's customers, including spreadsheet reports that appear to indicate that Defendants sent approximately 2778 emails to ReachLocal customers, using an email marketing service called iContact." | Lacks personal knowledge and foundation/speculation [Fed. R. Evid. 602 and 901]. | ☐ Sustained ☐ Overruled |
| Pages 8:17-9:2, ¶ 28. "I observed a ReachLocal employee click on the "unsubscribe" link at the bottom of one of the emails sent by PPC Claim. The email was substantially of the form of Beecher Dec. Exhibits 1-6, which are attached to the Khan Declaration as Exhibit 44. When clicked, the link sent the employee to a website managed by iContact. Based upon this test, the file names of the spreadsheets (which refer to iContact) and my review of the email addresses, the spreadsheets appear to include the email addresses for the recipients of emails PPC sent using iContact. Once I sorted and de-duplicated the spreadsheet, there were 729 unique | Lacks personal knowledge and foundation/speculation [Fed. R. Evid. 602 and 901].<br><br>Improper expert testimony. | ☐ Sustained ☐ Overruled<br><br><br><br>☐ Sustained ☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| email addresses that appear related to ReachLocal clients current or former clients, because the email addresses reference ReachLocal client names and/or websites. ReachLocal is still in the process of reviewing the iContact spreadsheet to determine how many email addresses relate to current or former clients, but I was able to find 15 of the 35 Reported Contacts in the iContact spreadsheet." | | |
| Page 9: 3-9. ¶ 29: "The documents also include spreadsheet reports that appear to have been generated from SEMrush or other third party software in or about February, 2016 (the "February Reports"). Like the August Reports, there were many duplicate entries in these spreadsheets. Once I sorted and de-duplicated these reports, I counted only 156 websites that appear to be for ReachLocal clients mostly in the U.K. I have not cross-referenced the February Reports with the August Reports." | Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Improper expert testimony. [Fed. R. Evid 701-703] | ☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled |
| Page 9:10-20. ¶ 30: "I was only able to | Lacks personal | ☐ Sustained |

| Evidence | Objection | Ruling |
|---|---|---|
| connect 6 of the 729 email addresses with websites identified in the February Reports. I was able to do this by matching the website address with the email address. Therefore, it does not appear the February Reports were the source for 723 of the emails sent via iConnect. I reviewed the remaining documents produced by Defendants and was only able to find documentary evidence regarding the source of two other ReachLocal clients contacted by Cassidy. Both were in the list of 35 Reported Contacts. I found one in the February Reports. The other was referred to Cassidy by another ReachLocal client via email. Accordingly, the documents produced by Defendants at most demonstrate how Cassidy actually identified 8 of the ReachLocal clients he contacted." | knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Improper expert testimony.  [Fed. R. Evid 701-703] | ☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled |
| Page 9: 21-22. ¶ 31: "I searched through the August Reports and was able to relate 133 of the 729 email addresses to websites in those *ex post facto* reports." | Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| | Improper expert testimony. | ☐ Sustained<br>☐ Overruled |
| Page 9:  23-28, Page 10: 1-7. ¶ 32: "Following service of ReachLocal's motion to compel, Defendants also supplemented their written discovery responses. In their portion of the Joint Stipulation that was filed August 30 in connection with ReachLocal's motion to compel Defendants advise the Court only two disputed categories of documents remain at issue: "(1) whether Defendants are helping to build a class action against [ReachLocal], something that has nothing to do with this case and would implicate serious privilege issues and (2) interrogatories regarding whether Defendants are correct that [ReachLocal] lied to its customers, something that is wholly irrelevant since [ReachLocal] has not brought a defamation claim." | Best Evidence Rule [Fed. R. Evid. 1002].<br><br>Mischaracterizes the contents of the document. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |
| Exhibit 7 | Mr. Maniar's "declaration" in unsigned and therefore | ☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| | not a declaration. | |
| Exhibt 17 | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled |
| | Lacks foundation [Fed. R. Evid. 901]. | ☐ Sustained<br>☐ Overruled |

## EVIDENTIARY OBJECTIONS TO THE DECLARATION OF AMJAD KHAN

| Evidence | Objection | Ruling |
|---|---|---|
| Page 2:10-15. ¶ 9: "Attached hereto as Exhibit 8 is a true and correct copy of the report regarding Cassidy's director disqualification obtained from the United Kingdom's registrar of companies ("Companies House"), an executive agency and trading fund of Her Majesty's government." | Hearsay [Fed. R. Evid. 801].<br><br>Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| | | |
| Page 4:3-4.  ¶ 18: "On his page, Cassidy advertises his interest in connecting with "any ex-ReachLocal Internet Marketing Consultants[.]" | Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled |
| Page 4:8-10.  ¶ 19: "PPC Claim's Annual Report discloses that Trafiki owned all of PPC Claim's outstanding shares as of the date of the return. Ex. 18, p. 74." | Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled |
| Page 4:11-26.  ¶ 20: "ReachLocal is unable to fully and fairly oppose the MSJ because, as detailed below, Defendants have thwarted ReachLocal's diligent discovery attempts at every turn. Through no fault of its own, ReachLocal is | Hearsay [Fed. R. Evid. 801].<br><br>Speculates on causal relationship between Plaintiff's ability to oppose the MSJ and Defendants' responses to discovery. Mischaracterization of Plaintiff's discovery attempts. Inaccurately shifts scheduling responsibilities solely to Defendants | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| unable to depose named Defendant and PPC Claim's 30(b)(6) designee, Kieran Cassidy, until Saturday, October 1, in London, which date is confirmed and scheduled to proceed.  By the time Defendants' MSJ is heard on October 3, Mr. Cassidy's deposition will be completed but ReachLocal would not have had an opportunity to rely on Mr. Cassidy's deposition testimony in its opposition papers.  In addition, more than three months after serving written discovery, ReachLocal still has not received critical documents it requested, and to which it is entitled, from Defendants.  For example, as of the date of | while misstating Plaintiff's access to deposition testimony.  Assumes facts not in evidence. Improper characterization of evidence. Misstates testimony. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Best Evidence Rule [Fed. R. Evid. 1002].<br><br>Improper expert testimony. [Fed. R. Evid. 701-703] | <br><br><br><br><br><br><br><br><br>☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| this filing, Defendants have not produced documents relating to Defendants' alleged litigation-related communications that they have previously promised to produce.  Attached hereto as Exhibit 19 is a true and copy of an email from Mr. Lesowitz promising to produce more documents. Notably, Defendants have asserted litigation privilege as one of their grounds to move for summary judgment.  " | | |
| Page 4:27-28; Page 5:1-7. ¶ 21: "I requested Defendants to delay bringing their MSJ until after ReachLocal had completed Mr. Cassidy's deposition on October 1 and received previously promised written | Hearsay [Fed. R. Evid. 801].<br><br><br>Speculates on Defendants' intent in filing the MSJ. Assumes facts not in evidence. Improper characterization of evidence. Misstates testimony. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| discovery, but they refused. I subsequently requested Defendants to stipulate to a longer briefing schedule, but they again refused. Instead, Defendants deliberately filed their MSJ before ReachLocal could reasonably complete essential fact discovery in the hopes they could gain a strategic advantage. Attached hereto as **Exhibit 20** is a true and correct copy of my correspondence with Defendants' counsel memorializing my requests of Defendants' counsel." | Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled |
| Page 5:8-20.  ¶ 22: "As set forth in my detailed declaration in support of ReachLocal's *ex parte* application to | Hearsay [Fed. R. Evid. 801].<br><br>Speculates that Defendants had documents in their possession that they | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| modify the scheduling order (Dkt. No. 77) and again in the paragraphs below, ReachLocal has sought to schedule the deposition of Defendant Kieran Paul Cassidy ("Cassidy") since May, 2016. The originally scheduled date of August 18 was taken off calendar because Defendants refused to produce any documents in their possession prior to that date. Defendants also refused to produce Mr. Cassidy for deposition for the entire month of September. Consequently, ReachLocal will not be able to depose Cassidy until October 1, 2016 in London – almost three weeks after ReachLocal's Opposition is due and two | refused to produce. Assumes facts not in evidence. Improper characterization of evidence. Misstates testimony. [Fed. R. Evid. 602 and 901].<br><br>Best Evidence Rule [Fed. R. Evid. 1002]. | <br><br><br><br><br>☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| days prior to the scheduled hearing date on the motion. ReachLocal has also moved to compel discovery responses to its initial written discovery requests served on Defendants on June 10, 2016. The motion is currently scheduled for the first available hearing date on October 3 – the same day as the MSJ hearing." | | |
| Page 6:1-16.  ¶ 25: "On May 19, I sent an email to Defendants' counsel requesting available dates for Mr. Cassidy's deposition. On May 23, I again sent an email asking for available dates. On July 7, having not heard back from Defendants' counsel in seven weeks, I again | Hearsay [Fed. R. Evid. 801].<br><br>Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| **Evidence** | **Objection** | **Ruling** |
|---|---|---|
| requested available dates for Mr. Cassidy and advised Defendants' counsel that we would select a unilateral date if we do not hear back. On July 8, Defendants' counsel responded to the email and proposed August 26 for the deposition of Mr. Cassidy (a single date) in London. On July 12, I responded that I could take Mr. Cassidy's deposition on August 18 or 19 in London. On July 13, Defendants' counsel responded that August 19 could work. I responded asking if August 18 could work since I wanted to be back for my son's first day of kindergarten, if possible. Defendants' counsel agreed to August | | |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| 18. At the time I originally agreed to this date, Defendants' discovery responses were not due for another three weeks, and we fully expected and anticipated receiving responsive discovery well before August 18. That never happened. Attached hereto as **Exhibit 22** is a true and correct copy of the correspondence regarding Mr. Cassidy's deposition." | | |
| Page 6:28; Page 7:1-7. ¶ 28: "I was concerned they would suffer from the same deficiencies as the limited responses received on July 19. I requested Defendants to agree to address any deficiencies in their discovery requests on August 2, 2016, during | Hearsay [Fed. R. Evid. 801].<br><br><br>Projects concerns of Plaintiff's counsel as facts. Offers conclusory statements regarding the sufficiency of Defendants' responses.  Assumes facts not in evidence. Improper characterization of evidence. Misstates testimony. Lacks personal knowledge | ☐ Sustained<br>☐ Overruled<br><br><br>☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| our previously scheduled meet and confer on the limited set of discovery responses. Defendants refused. In addition, I had other scheduled court and case activity for other cases in Los Angeles on August 18. A true and correct copy of the correspondence between counsel is attached hereto as **Exhibits 29-30**." | and foundation [Fed. R. Evid. 602 and 901].<br><br>Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled |
| Page 7:8-19. ¶ 29: "On August 2, counsel conferred regarding Defendants' deficient responses to the limited discovery after Defendants deposed ReachLocal's CEO, Sharon Rowlands. At that meeting, I asked again whether Cassidy was available for deposition in September. Defendants' | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| counsel advised for the first time that Mr. Cassidy was not at all available for the entire month of September. That same day, I sent an email to Defendants' counsel proposing the dates of September 15 and September 22 and again asking for available dates in September. In response, I received an email from Mr. Cassidy himself (in which he copied myself and my associate, Kete Barnes) advising us of his schedule. Defendants' counsel immediately informed us that Mr. Cassidy had sent an inadvertent privileged email and for us to immediately delete it. Though we do not believe | | |

| Evidence | Objection | Ruling |
|---|---|---|
| the email was privileged, we deleted it in good faith." | | |
| Pages 7:23-8:13.  ¶ 30: "Those responses were glaringly deficient. | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled |
| ReachLocal served 12 interrogatories and 38 document requests on PPC Claim and 11 interrogatories and 42 document requests on Mr. | Offers conclusory statements regarding the sufficiency of responses. Speculates on prejudice arising from scheduling of deposition dates. Assumes facts not in evidence. | ☐ Sustained<br>☐ Overruled |
| Cassidy). Both defendants provided substantive responses to only the same 3 interrogatories and agreed to produce | Improper characterization of evidence. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled |
| documents in response to the same 5 requests for production of documents. | Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled |
| With respect to the remaining interrogatories and document requests, Defendants served boilerplate objections, providing no substantive | Improper expert testimony.  [Fed. R. Evid. 701-703] | ☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|----------|-----------|--------|
| responses whatsoever. True and correct copies of Defendants' responses are attached hereto as **Exhibits 31-36**. I then sent an email to Defendants' counsel, advising that because Defendants' discovery responses were plainly deficient, the proposed August 18 date would not be acceptable (i.e., we needed responsive information to adequately take Mr. Cassidy's deposition), and that in any event, we had scheduling conflicts on that date. I also advised that the proposed October dates were unworkable because the discovery cut-off date was October 3 and explained why that we would be prejudiced to | | |

| Evidence | Objection | Ruling |
|---|---|---|
| conduct further discovery after Mr. Cassidy's deposition if it proceeded on that date. We also proposed a 14-day or 21-day extension of the discovery cut-off date (and corresponding dates) to accommodate Defendants' counsel proposed October 3 date." | | |
| Page 8:14-21. ¶ 31: "On August 5, Defendants' counsel sent an email rejecting any proposed dates in September and insisting on dates in October, including October 1 and 2 (a Saturday and Sunday before the October 3 cut-off date). See **Exhibit 37**. Defendants' counsel also rejected any proposed modification of the | Hearsay [Fed. R. Evid. 801].<br><br>Offers conclusory statements regarding the sufficiency of responses. Speculates on prejudice arising from scheduling of deposition dates. Assumes facts not in evidence.<br><br>Improper characterization of evidence. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| scheduling order. Later that day, I responded to Defendants' counsel again explaining the full and accurate record of meet and confer communications and advising that his proposed dates were unworkable. I also offered to wait a few days to have his client, Mr. Cassidy, confirm whether September 22 could work." | Best Evidence Rule [Fed. R. Evid. 1002].<br><br>Improper expert testimony.  [Fed. R. Evid. 701-703] | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |
| Pages 8:25-9:3. ¶ 33: "On August 5, ReachLocal sent Defendants another Rule 37-1 Letter detailing the deficiencies in Defendants' recent responses to the remaining discovery. Defendants only provided substantive responses to the same 3 interrogatories | Hearsay [Fed. R. Evid. 801].<br><br>Offers conclusory statements regarding the sufficiency of responses. Assumes facts not in evidence. Improper characterization of evidence. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| and only agreed to produce documents in response to the same 5 document requests. Defendants agreed to confer with ReachLocal on the last possible day. A true and correct copy of ReachLocal's August 5, 2016 letter (exhibit omitted) is attached hereto as **Exhibit 38**." | Best Evidence Rule [Fed. R. Evid. 1002].<br><br>Improper expert testimony.  [Fed. R. Evid. 701-703] | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |
| Page 10:4-9.  ¶ 40: "These declarations contradict information provided to ReachLocal from its partner agent that worked directly with InLight Gobos and GoMow, Matt Ramsey at Compass Point LLC.  *See* Declaration of Matt Ramsey, and the information provided by the two ReachLocal | Hearsay [Fed. R. Evid. 801].<br><br><br>Offers information provided to Plaintiff from its partner agent that worked directly with InLight Gobos and GoMow as fact that would contradict declarations, whereas such information was never substantiated. Assumes facts not in evidence. Improper characterization of evidence. Misstates testimony. Lacks personal | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| partner specialists who managed these accounts, Steven Dollar and Allie Byrd, all filed concurrently with ReachLocal's Opposition." | knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Best Evidence Rule [Fed. R. Evid. 1002].<br><br>Improper expert testimony.  [Fed. R. Evid. 701-703.] | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |
| Pages 10:16-11:9.  ¶ 42: "Mr. Hutton's testimony casts doubt on certain portions of his prior declaration and, at the very minimum, shows a genuine issue of material fact as to whether InLight stopped using ReachLocal products due, in part, to Cassidy's activities. For example, Mr. Hutton testified that: (1) he had an oral contract with Compass Point, used ReachLocal products for three years and spent over | Offers speculative and conclusory statements regarding testimony that are incorrect. *See Hutton Transcripts.*<br><br>Improper expert opinion.  [Fed. R. Evid. 701-703.]<br><br>Lacks foundation [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| $36,000 during that time; (2) he felt Cassidy's allegations about ReachLocal were important enough to send to Matt Ramsey; (3) he went to Mr. Ramsey's office in-person to discuss the contents of Cassidy's allegations about ReachLocal, including the allegation that ReachLocal hides their margins; (4) Mr. Ramsey took seriously the emails of Cassidy that InLight had forwarded to him; (5) Mr. Ramsey reasonably reviewed the contents of Cassidy's allegations because they were forwarded to him by InLight; and (6) that he was not surprised that Mr. Ramsey interpreted the email Ms. Adriana Hutton | | |

| Evidence | Objection | Ruling |
|---|---|---|
| forwarded to him with Cassidy's messages attached by InLight as "questioning continuing with ReachLocal." Moreover, Ms. Hutton testified she interacted with Mr. Cassidy, not Mr. Hutton, and that she was "bothered" and "annoyed" by Cassidy's messages and wanted them to stop – clear evidence of Cassidy disrupting the InLight contract with Compass Point – which further undercuts Mr. Hutton's declaration. When a final transcript has been prepared and signed, ReachLocal will proffer this additional evidence in support of its contractual interference claim." | | |

| Evidence | Objection | Ruling |
|---|---|---|
| Page 11:10-14.  ¶ 43: "ReachLocal has attempted to meet and confer in good faith with Defendants. ReachLocal has accommodated Defendants' requests for extensions, provided alternative dates for the deposition of ReachLocal's CEO, and has responded promptly to issues raised by Defendants. Defendants have not reciprocated ReachLocal's cooperation and professionalism." | Lacks foundation/speculation [Fed. R. Evid. 602 and 901].<br><br>Improper expert opinion.  [Fed. R. Evid. 701-703]. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |
| Page 11:15-20.  ¶ 44: "ReachLocal should have an opportunity to depose Cassidy, obtain all relevant, non-privileged documents it requested more than three months ago, inspect Cassidy's | Arrives at conclusions of law without substantiation. Speculates at the results of discovery requests.  Assumes facts not in evidence. Improper characterization of evidence. Lacks foundation [Fed. R. Evid. 602, 701-703 and 901]. | ☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| electronic devices, and depose and review documents from InLight Gobos before opposing the MSJ. As set forth below, ReachLocal reasonably believes it will obtain facts from this discovery that will further bolster genuine issues of material fact sufficient to defeat the MSJ." | | |
| Page 12:1-4. ¶ 45: "Defendants…do not represent any of ReachLocal's clients in connection with a lawsuit or arbitration." | Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled |
| Page 12:6-23. ¶ 46: "Defendants have served on ReachLocal two contradicting sworn affidavits from Cassidy regarding the scope of | Offers conclusory statements speculating on the results of discovery requests.  Asserts improper accusation of Mr. Cassidy's credibility, while "thousands" and "tens of thousands" are not contradictory. Assumes facts | ☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| ReachLocal's database that he possesses. Cassidy threatened ReachLocal's CEO that he possessed the entirety of ReachLocal's database of former and current customers. Cassidy's credibility is plainly at issue. ReachLocal believes he possesses the entire and former customer database, and it is not possible for Cassidy to have obtained that database through proper means. ReachLocal reasonably expects to obtain facts from Cassidy's deposition that verify the exact scope of what he possesses or further undercut his credibility. The scope of what Cassidy possesses is critical to support essential elements of | not in evidence. Improper characterization of evidence. Misstates testimony. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Improper expert testimony. [Fed. R. Evid. 701-703.]<br><br>Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| ReachLocal's claims for misappropriation and attempted extortion. Specifically, ReachLocal expects that the facts it obtains related to the scope of what Cassidy possesses will create genuine issues of material fact as to his acquisition of ReachLocal's database through improper means and his intention to extort money or property from ReachLocal." | | |
| Pages 12:24-13:4. ¶ 47: "Cassidy appears to have contacted approximately 700 current and former ReachLocal customers through iConnect. He claims to have discovered those customer identities through proper, public sources. However, the | Conflates all means of discovering Plaintiff's customer identities with iConnect, then refutes the possibility of obtaining all such identities through iConnect. Speculates that discovery will substantiate Plaintiff's claims. Assumes facts not in evidence. Improper characterization of evidence. Misstates testimony. Lacks personal | ☐ Sustained ☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| documentary evidence he has provided to ReachLocal account for how he discovered only 8 of the 729 customers he contacted through iConnect; the remaining 721 remain a mystery. ReachLocal reasonably expects to obtain facts from Cassidy's deposition related to whether he used proper means to identify the 723 unaccounted for customers – an essential element of ReachLocal's misappropriation claim." | knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Best Evidence Rule [Fed. R. Evid. 1002].<br><br>Improper expert testimony [Fed. R. Evid. 701-703] | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |
| Page 13:5-14. ¶ 48: "Defendants have served on ReachLocal two contradicting sworn affidavits from Cassidy regarding the number of Google and other search engine searches he performed to find the | Offers conclusory statements speculating on the results of discovery requests.  Asserts improper accusation of Mr. Cassidy's credibility, while "thousands" and "tens of thousands" are not contradictory. Assumes facts not in evidence. Improper characterization of evidence. Misstates testimony. Lacks personal knowledge | ☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| identities of ReachLocal customers. ReachLocal reasonably expects to obtain further facts from Cassidy's deposition regarding the number of searches he actually performed. This evidence will likely create a genuine issue of material fact sufficient to defeat summary judgment with respect to (1) the difficulty of re-creating ReachLocal's database, which goes to the defense of the customer database being readily ascertainable; and (2) the improper means by which Cassidy obtained the identities of ReachLocal customers by improperly clicking on ads generated by his searches, amounting to click fraud." | and foundation [Fed. R. Evid. 602 and 901].<br><br>Improper expert testimony. [Fed. R. Evid. 701-703.]<br><br>Best Evidence Rule [Fed. R. Evid. 1002].<br><br>Hearsay in regards to Google's policies. [Fed. R. Evid. 801-803.] | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| Page 13:15-21. ¶ 49: "Cassidy admits that he obtained the identities of some ReachLocal customers in conversations with other ReachLocal customers. ReachLocal reasonably expects to obtain facts from Cassidy's deposition that he made misrepresentations to ReachLocal customers to obtain the identities of additional customers. This, too, is evidence that will likely create a genuine issue of material fact sufficient to defeat summary judgment regarding the improper means by which Cassidy obtained customer identities." | Offers baseless speculation and conclusory statements on documents Plaintiff hopes exist. Assumes facts not in evidence. Improper characterization of evidence. Misstates testimony. Lacks personal knowledge and foundation. [Fed. R. Evid. 602 and 901].<br><br>Improper expert testimony. [Fed. R. Evid. 701-703.] | ☐ Sustained<br>☐ Overruled<br><br><br><br><br><br>☐ Sustained<br>☐ Overruled |
|  |  |  |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| Page 13:22-27.  ¶ 50: "Cassidy admits that he obtained the identities of some ReachLocal customers in conversations with current and former ReachLocal employees. ReachLocal reasonably expects to obtain facts from Cassidy's deposition that he made misrepresentations to current and former ReachLocal employees to obtain the identities of customers, which, in turn, will create a genuine issue of material fact regarding the improper means by which Cassidy obtained customer identities." | Offers baseless speculation and conclusory statements regarding documents Plaintiff hopes exist. Assumes facts not in evidence. Improper (and incorrect) characterization of evidence. Misstates testimony. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].  Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained ☐ Overruled  ☐ Sustained ☐ Overruled |
| Pages 13:28-14:11.  ¶ 51: "Despite having previously withdrawn their affirmative defense of litigation privilege, | Offers baseless speculation and conclusory statements regarding documents Plaintiff hopes exist. Assumes facts not in evidence. Improper characterization of evidence. | ☐ Sustained ☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| Defendants now re-assert it in connection with their MSJ.  Defendants contend that Cassidy's communications with ReachLocal regarding a payout for him were pre-litigation communications since he purported to represent numerous former customers in the U.K. and was contemplating in good faith a class action against ReachLocal in the U.S. ReachLocal disputes this contention vigorously. It reasonably expects to obtain further facts from Cassidy's deposition that show that he knew of no current or former customers who were contemplating in good faith a class action against ReachLocal and that he | Misstates testimony. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| has no discussions with any lawyer from Slater and Gordon about bringing a class action against ReachLocal in the U.S. These facts are necessary to further support ReachLocal's arguments in opposition to summary judgment." | | |
| Page 14:12-16. ¶ 52: "Cassidy operates Trafiki, a business that competes with ReachLocal. ReachLocal reasonably expects to obtain further facts from Cassidy's deposition regarding his competing business that goes to essential elements of ReachLocal's unfair competition claim and will likely create a genuine issue of material fact sufficient to defeat | Offers baseless speculation and conclusory statements regarding documents Plaintiff hopes exist. Assumes facts not in evidence. Improper characterization of evidence. Misstates testimony. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Improper expert opinion [Fed. R. Evid. 701-703]. | ☐ Sustained<br>☐ Overruled<br><br><br><br><br><br>☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| summary judgment on that claim." | | |
| Pages 14:24-15:3. ¶ 53: "As set forth above, the facts regarding Defendants' efforts to build a class action in the U.S. are relevant to Defendants' litigation privilege defense. Defendants waived that defense in connection with the motion to compel, so they could argue these documents were irrelevant. Less than one week later, they reversed course and revived their litigation privilege defense, which is featured prominently in their motion for summary judgment. Defendants promised to produce responsive documents "in | Foundation and speculation and mischaracterization of the record. [Fed. R. Evid. 602 and 901].<br><br>Best Evidence Rule [Fed. R. Evid. 1002].<br><br>Improper expert opinion.  [Fed. R. Evid. 701-703.] | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| short order," but have yet to do so." | | |
| Pages 15:7-16:7. ¶ 54: "These facts are relevant to ReachLocal's claims for tortious interference with contract and prospective economic advantage because they demonstrate Defendants acted willfully and with malice. They also demonstrate Defendants did not contemplate bringing a class action against ReachLocal in good faith….Defendants' claim that they compiled a list of ReachLocal clients and former clients through public sources is contradicted by their own admissions and sworn testimony, but the evidence ReachLocal has | Offers baseless speculation and conclusory statements regarding evidence Plaintiff hopes exist while providing no support for such claims. Assumes facts not in evidence. Improper characterization of evidence ("thousands" and "tens of thousands" are not contradictory, for example). Misstates testimony. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Best Evidence Rule [Fed. R. Evid. 1002].<br><br>Improper expert testimony [Fed. R. Evid. 701-703.] | ☐ Sustained<br>☐ Overruled<br><br><br><br><br><br><br><br>☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| presented and by the lack of any corroborating documentation in Defendants' belated production. Cassidy has testified he identified ReachLocal clients by purchasing lists from third parties, using software such as Scrapebox and Builtwith to scour the Internet, running thousands of searches and clicking on ads to look for "rtrk" in the url, investigating Facebook endorsements and Twitter followers. To date, Defendants have produced four spreadsheet reported that appear to have been generated in February. These reports were indisputably not the source for over 700 email addresses that received | | |

| Evidence | Objection | Ruling |
|---|---|---|
| communications from Defendants. They have produced no other documents evidencing purchased reports, output from Builtwith and Scrapebox, handwritten notes or other running list created by Cassidy to keep track of the clients he identified. ReachLocal believes Defendants have failed to retain the documents evidence the database and the means Cassidy used to obtain it. ReachLocal has served inspection demands for Defendants' computer and phone. Defendants have objected to those inspection demands and refuse to produce the devices for inspection. ReachLocal needs this evidence in order to | | |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| | Evidence | Objection | Ruling |
|---|---|---|---|
| 3 4 5 6 7 8 9 10 11 | determine whether Defendants have complied fully with their discovery obligations or committed spoliation, which would entitle ReachLocal to evidentiary sanctions, among other relief." | | |
| 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28 | Page 16:9-12. 6:20-24. ¶ 55: "As mentioned, Defendants have submitted with their MSJ a declaration from Rick Hutton, president and owner of ReachLocal's former customer InLight Gobos, stating that InLight stopped doing business with ReachLocal for reasons independent of Cassidy's activity.. …ReachLocal reasonably expects to rely on the final transcripts of these depositions and | Offers baseless speculation and conclusory statements regarding evidence Plaintiff hopes exist while providing no support for such claims. Assumes facts not in evidence. Improper characterization of evidence (Per the Hutton Decl. he was a Compass Point client). Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Improper expert testimony.  [Fed. R. Evid. 701-703.] | ☐ Sustained<br>☐ Overruled<br><br><br><br><br><br><br><br><br>☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| provide further proof that Cassidy's wrongful activity and interference was indeed a factor InLight considered when it decided to stop doing business with ReachLocal, thereby creating a genuine issue of material fact on this subject." | | |
| Exhibit 2 | Hearsay [Fed. R. Evid. 801]. Completeness Doctrine [Fed. R. Evid. 106]. Lacks Foundation [Fed. R. Evid. 901]. | ☐ Sustained<br>☐ Overruled |
| Exhibit 9 | Hearsay [Fed. R. Evid. 801].<br><br>Lacks Foundation [Fed. R. Evid. 901]. | ☐ Sustained<br>☐ Overruled<br>☐ Sustained<br>☐ Overruled |
| Exhibit 13 | Trafiki is not a party to this case.<br><br>Hearsay [Fed. R. Evid. 801].<br><br>Lacks Foundation [Fed. R. Evid. 901]. | <br><br>☐ Sustained<br>☐ Overruled<br>☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| **Evidence** | **Objection** | **Ruling** |
|---|---|---|
| Exhibit 14 | Trafiki is not a party to this case. | |
| | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled |
| | Lacks Foundation [Fed. R. Evid. 901]. | ☐ Sustained<br>☐ Overruled |
| Exhibit 15 | Trafiki is not a party to this case. | |
| | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled |
| | Lacks Foundation [Fed. R. Evid. 901]. | ☐ Sustained<br>☐ Overruled |
| Exhibit 16 | Trafiki is not a party to this case. | |
| | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled |
| | Lacks Foundation [Fed. R. Evid. 901]. | ☐ Sustained<br>☐ Overruled |
| Exhibit 20 | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled |
| Exhibit 28 | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled |
| Exhibit 38 | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| Exhibit 40 | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled |

## EVIDENTIARY OBJECTIONS TO THE DECLARATION OF ALLIE BYRD

| Evidence | Objection | Ruling |
|---|---|---|
| Page 1: 19-23.  ¶ 5. "On May 12, 2016, I learned from my colleague, Steven Dollar, who was handling the Compass Point account in my absence during maternity leave, that both GoMow and InLight Gobos had stopped using ReachLocal products.  I understood from Mr. Dollar that these clients had done so after receiving communications from Kieran Cassidy and PPC Claim." | Hearsay [Fed. R. Evid. 801].<br><br>Speculates on the motivations of third parties based on hearsay of Mr. Steven Dollar. Assumes facts not in evidence. Improper characterization of evidence. Misstates testimony. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| Page 1: 24-28.  ¶ 6: "On August 2, 2016, I spoke on the phone with Mr. Ramsey at Compass Point about the GoMow and InLight Gobos accounts.  During that call, he confirmed that both GoMow and InLight Gobos had terminated their relationship with Compass Point and ceased using ReachLocal products because of Mr. Cassidy's communications to them." | Hearsay [Fed. R. Evid. 801].<br><br><br>Speculates on the motivations of third parties based on hearsay of Mr. Matt Ramsey. Assumes facts not in evidence. Improper characterization of evidence. Misstates testimony. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901]. | ☐  Sustained<br>☐  Overruled<br><br><br>☐  Sustained<br>☐  Overruled |

## EVIDENTIARY OBJECTIONS TO THE DECLARATION OF SHARON ROWLANDS

| Evidence | Objection | Ruling |
|---|---|---|
| ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ | Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901]. Ms. Rowlands did not start working for ReachLocal until late | ☐  Sustained<br>☐  Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| ██████████ ██████████ ████████████ ██████ | 2013.  *Syverson Reply Decl.*, ¶ 4 & Exh. 4 (Rowlands Deposition Transcript), at 42:25-43:2, 53:19-21. | |
| Page 2:13-16.  ¶ 6. ██████████ █████████ ████████████ ████████████ ████████████ ██████████ █████████ ████████████ ██████████████ ██████████ ██████████ ███████ | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained ☐ Overruled |
| Page 2:17-25.  ¶ 7. ████████████ ████████ ████████████ ████████████ ████████████ ████████████ ████████████ | ████████████ ███████████████ ██████████████ ██████████████ ██████████████ ████████████████ ██████ Improper characterization | ☐ Sustained ☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| ███████████ ███████ █████ ██████ ██████ ████████ █████████ ████████ ██████ ██████ ██████ | of evidence. Misstates testimony. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901]. | |

## EVIDENTIARY OBJECTIONS TO THE DECLARATION OF STEVEN DOLLAR

| Evidence | Objection | Ruling |
|---|---|---|
| Page 1: 19-25. ¶ 4: "In this email, Mr. Ramsey informed me that InLight Gobos was "questioning continuing with ReachLocal" on account of a communication Ms. Hutton received from Kieran | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled |
| | Speculation. [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled |
| | Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| Cassidy on behalf of PPC Claim. Mr. Ramsey also mentioned in the same email that another advertiser he had been working "dropp[ed] ReachLocal completely" on account of Mr. Cassidy's activities. Attached hereto as Exhibit A is a true and correct copy of the email I received from Mr. Ramsey." | | |
| Pages 1: 26- 2:3. ¶ 5: "On March 10, 2016, I emailed Mr. Ramsey asking whether any client relationships had been impacted due to Mr. Cassidy and PPC Claim. I also asked Mr. Ramsey to identify who the lost advertiser was. One day later, Mr. Ramsey informed me that GoMow was the customer who had left ReachLocal "over these issues," and that InLight | Hearsay [Fed. R. Evid. 801].<br><br>Speculation. [Fed. R. Evid. 602 and 901].<br><br>Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| Gobos was scheduled to meet Mr. Ramsey "to discuss PC Claim matters." Attached hereto as Exhibit B is a true and correct copy of my email exchange with Mr. Ramsey." | | |
| Page 2 :4-6.  ¶ 6: "In or around April 15, 2016, I learned from Mr. Ramsey that both GoMow and InLight Gobos has terminated their business with Compass Point ReachLocal due to Mr. Cassidy's activities." | Hearsay [Fed. R. Evid. 801].<br><br>Speculation. [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |
| Page 2:7-10.  ¶ 7: "On May 12, 2016, I informed my colleague, Allie Byrd, who had earlier seen on maternity leave between February and April 2016, that both GoMow and InLight Gobos had stopped using ReachLocal products after receiving communications from | Hearsay [Fed. R. Evid. 801].<br><br>Speculation. [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| Kieran Cassidy and PPC Claim." | | |
| Exhibit A | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled |
| | Speculation. [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled |
| Exhibit B | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled |
| | Speculation. [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled |

## EVIDENTIARY OBJECTIONS TO THE DECLARATION OF KRIS BARTON

| Evidence | Objection | Ruling |
|---|---|---|
| Page 1:14-16. ¶ 3. "All employees are required to sign non-disclosure agreements that preclude their disclosure of ReachLocal's | Chief product officer speculates on a comprehensive evaluation of Plaintiff's human resources practices. Assumes facts not in evidence Lacks personal knowledge and foundation [Fed. R. Evid. 602 | ☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| confidential information to unauthorized persons." | and 901]. | |
| Pages 1:25 2:5. ¶ 5. "The search engines do not charge for keywords unless a user clicks on a paid advertisement that was generated by a search using that keyword. The price per click is determined based upon the results of the auction process. ReachLocal's experienced team builds keyword lists for each client campaign, taking into account, among other things, the client's products and services, the target customers' interests, and the location. ReachLocal also targets the campaign to the specific geolocation of the | Assumes knowledge of the practices of the search engines beyond the company's relationship. Assumes knowledge of the mechanics of another company's pricing methods. Mischaracterizes all of Plaintiff's team as "experienced" without product the education or work background of any team members. Assumes knowledge how each team actually builds keyword lists. Offers conclusory statement regarding the proprietary nature of Plaintiff's technology without providing substantiation. Assumes Plaintiff's technology sets maximum bids for each keyword without providing comparisons with the results of other available technologies. Assumes facts not in evidence. Improper characterization of evidence. Lacks personal knowledge and foundation | ☐ Sustained ☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| target customers. ReachLocal's proprietary technology sets maximum bids for each keyword in the client campaign and optimizes those bids daily." | [Fed. R. Evid. 602 and 901].<br><br>Improper expert testimony. [Fed. R. Evid. 701-703.] | ☐ Sustained<br>☐ Overruled |
| Page 2:6-13.  ¶ 6. "The search engine compares all bids for keywords that target the searcher's Geo-location, the day and time of the search, etc., to determine a winner. In addition to the bid amount, search engines also take into account a measure of each ad's and landing page's quality to determine the winning bidder and the winning bid amount. This is referred to as a "Quality Score." The "Quality | Speculates on the operations of the search engine without providing any facts substantiating such functionality. Assumes facts not in evidence. Improper characterization of evidence. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Improper expert testimony. [Fed. R. Evid. 701-703.] | ☐ Sustained<br>☐ Overruled<br><br><br><br><br><br>☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| Score" is a variable calculated by the search engine based on a number of factors including, but not limited to, expected click-through rate, landing page load time, landing page quality and geographical considerations." | | |
| Page 2:14-19. ¶ 7. "In situations where there are multiple ad spots, there can be multiple auction winners whose positions on the page are influenced by the amount each has bid and the "Quality Score." The bid and "Quality Score" are used to give each advertiser's advertisement an ad rank. The ad with the highest ad rank shows | Speculates on the operations of the search engine without providing any facts substantiating such functionality. Assumes facts not in evidence. Improper characterization of evidence. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Improper expert testimony. [Fed. R. Evid. 701-703.] | ☐ Sustained<br>☐ Overruled<br><br><br><br><br><br>☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| up first. Search engines like Google do not typically publish the formulas for their Quality Scores." | | |
| Page 2:20-24. ¶ 8. "Search engines employ a number of procedures to monitor and prevent invalid click activity. Google defines invalid click activity, which is sometimes called "click fraud," as any clicks or impressions that may artificially inflate an advertiser's costs or publisher's earnings. Invalid activity covers intentionally fraudulent activity as well as accidental clicks." | Speculates on the operations of search engines. Interprets Google company policies without any support substantiating such interpretations. Assumes facts not in evidence. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Best Evidence Rule [Fed. R. Evid. 1002].<br><br>Improper expert testimony. [Fed. R. Evid. 701-703.]<br><br>Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled<br><br><br><br><br><br>☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |
| Pages 2:25-28-3:9. ¶ 9. | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| "Google's policies provide: "Clicks on user ads must result from genuine interest, and any method that artificially generates clicks or impressions is strictly prohibited by our program policies." To prevent advertisers from being charged for invalid click activity, Google may disable its advertising service to sites where invalid click activity is detected." | Offers conclusory statements regarding Google's operations and policy without any support. Assumes facts not in evidence. Improper characterization of evidence. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Best Evidence Rule [Fed. R. Evid. 1002].<br><br>Improper expert testimony. [Fed. R. Evid. 701-703] | ☐ Overruled<br><br>☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |
| Exhibit 1 | Hearsay [Fed. R. Evid. 801].<br><br>Lacks Foundation [Fed. R. Evid. 901]. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |
| | | |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| Exhibit 2 | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled |
| | Lacks Foundation [Fed. R. Evid. 901]. | ☐ Sustained<br>☐ Overruled |

## EVIDENTIARY OBJECTIONS TO THE
## DECLARATION OF PARAS MANIAR

| Evidence | Objection | Ruling |
|---|---|---|
| The entire declaration. | The entire "declaration" is unsigned and is therefore not a declaration. | ☐ Sustained<br>☐ Overruled |
| Page 1: 24-28 Page 2: 1-2. ¶ 5: "With respect to the 35 Reported Contacts, the additional time spent by myself, Ms. Seikely, Ms. Rowlands and Mr. Naliboff, together with the addition efforts and time spent by ReachLocal's sales force to investigate the | Offers conclusory statements on the purported effect of Defendants' alleged actions. Speculates on additional "burden" of servicing clients without providing an indicia of support regarding any additional work and without quantifying such "burden" in any way.  Assumes facts not in evidence. Improper characterization of evidence. Misstates testimony. Lacks personal knowledge and foundation. | ☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| concerns, formulate explanations and data to allay the concerns, engage in email, telephonic and in-person meetings to repair relationships, made those contracts more burdensome and costly for ReachLocal because they required more time and effort to service." | [Fed. R. Evid. 602 and 901].<br><br>Improper expert testimony. [Fed. R. Evid. 701-703]. | ☐ Sustained<br>☐ Overruled |

## EVIDENTIARY OBJECTIONS TO THE DECLARATION OF MATT RAMSEY

| Evidence | Objection | Ruling |
|---|---|---|
| Page 1: 11-22.  ¶ 3: "The email included a communication she received from Kieran Cassidy on behalf of PPC Claim. Ms. Hutton asked me to investigate the allegations brought forth by Mr. Cassidy. When I received this email, I | Hearsay [Fed. R. Evid. 801].<br><br>Offers Declarant's concerns as facts. Assumes facts not in evidence. Improper characterization of evidence. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled |

| Evidence | Objection | Ruling |
|---|---|---|
| immediately forwarded it to Mr. Dollar at ReachLocal because I was concerned that InLight Gobos was being adversely impacted due to Mr. Cassidy's allegations against ReachLocal. In the March 2 email to Mr. Dollar, I forwarded Ms. Hutton's communication about Mr. Cassidy and wrote: "We've had one customer (who has been with RL for I'm guessing 4-5 years) drop RL completely this week. Another one, below, is questioning continuing with RL as well." I was referring to GoMow and InLight Gobos, respectively. Attached hereto as Exhibit A is a true and correct copy of my email to Mr. Dollar." | Best Evidence Rule [Fed. R. Evid. 1002]. | ☐  Sustained<br><br>☐  Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| Page 1:23-29. ¶ 4: "On March 1 0, 2016, I received an email from Mr. Dollar asking me whether any client relationships have been impacted due to PPC Claim and Mr. Cassidy. He pointed out that I had already confirmed one lost customer and asked me to identify who that was. I responded to Mr. Dollar on March 11, in which I said: "InLight Gobos is coming to our office on Monday to discuss PPC Claims matters. GoMow is the other customer who left over these issues." Attached hereto as Exhibit B is a true and correct copy of my email to Mr. Dollar." | Hearsay [Fed. R. Evid. 801].<br><br>Speculates on causal relationship between the purported effects of Defendants' alleged actions. Assumes facts not in evidence. Improper characterization of evidence. Misstates testimony. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled<br><br>☐ Sustained<br>☐ Overruled<br><br><br><br><br><br>☐ Sustained<br>☐ Overruled |
| Page 2:3-8. ¶ 6: | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| "On April 15, I learned that InLight Gobos terminated its relationship with Compass Point and ceased using ReachLocal products. At this time, I understood that Inlight Gobos terminated its business in part due to Mr. Cassidy's activities. I subsequently informed Mr. Dollar that both InLight Gobos and GoMow had terminated their business with Compass Point and ReachLocal due to Mr. Cassidy's activities." | Offers impressions of hearsay regarding motivations for termination as fact to third party. Assumes facts not in evidence. Improper characterization of evidence. Misstates testimony. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901].<br><br>Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Overruled<br><br>☐ Sustained<br>☐ Overruled<br><br><br><br><br><br><br><br><br><br>☐ Sustained<br>☐ Overruled |
| Page 2: 9-12. ¶ 7:<br>"On August 2, I spoke on the phone with Ms. Byrd at ReachLocal about the Go Mow and InLight Gobos accounts. During that call, I again confirmed to her that both GoMow | Hearsay [Fed. R. Evid. 801].<br><br><br><br>Offers impressions of hearsay regarding motivation for termination as fact to third party. Assumes facts not in evidence. Improper characterization of | ☐ Sustained<br>☐ Overruled<br><br><br><br>☐ Sustained<br>☐ Overruled |

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS

| Evidence | Objection | Ruling |
|---|---|---|
| and InLight Gobos had terminated their contracts because of Mr. Cassidy's communications to them." | evidence. Misstates testimony. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901]. | |
| | Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled |
| Page 2: 14-16. ¶ 8: "During that call, I again confirmed to him my understanding that both GoMow and InLight Gobos had terminated their contracts because of Mr. Cassidy's communications to them." | Hearsay [Fed. R. Evid. 801]. | ☐ Sustained<br>☐ Overruled |
| | Offers impressions of hearsay regarding motivation for termination as fact to third party. Assumes facts not in evidence. Improper characterization of evidence. Misstates testimony. Lacks personal knowledge and foundation [Fed. R. Evid. 602 and 901]. | ☐ Sustained<br>☐ Overruled |
| | Best Evidence Rule [Fed. R. Evid. 1002]. | ☐ Sustained<br>☐ Overruled |

**RAINES FELDMAN LLP**

DATED:  September 19, 2016

By:  _/s/ Erik Syverson_____
ERIK S. SYVERSON
Attorneys for Defendants
Kieran Cassidy and PPC Claim

DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S
EVIDENTIARY OBJECTIONS