CLOSED

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REACHLOCAL, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> PPC CLAIM LIMITED, a British limited company; KIERAN PAUL CASSIDY, an individual, DOES 1-50, <br><br> Defendants. | CASE NO. CV 16-1007-R <br><br> ORDER DENYING PLAINTIFF REACHLOCAL, INC.'S MOTION FOR RECONSIDERATION AND DENYING DEFENDANTS PPC CLAIM LIMITED AND KIERAN PAUL CASSIDY'S MOTION FOR ATTORNEY FEES |

    Before the Court is Plaintiff's Motion for Reconsideration, which was filed on November 2, 2016 (Dkt. No. 147), and Defendants' Motion for Attorney Fees, which was filed on November 7, 2016 (Dkt. No. 150). Having been thoroughly briefed by both parties, these matters were taken under submission on November 28, 2016.

    Plaintiff brings this Motion for Reconsideration under Federal Rules of Civil Procedure 59(e). Relief may be granted under Rule 59(e) if: (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest

injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003). However, motions for reconsideration seek "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citations omitted) (internal quotation marks omitted).

Plaintiff asserts that reversal of the Court's dismissal is necessary to correct manifest errors of fact and law and prevent manifest injustice. Not so. Plaintiff provides no basis for this Court to grant such an "extraordinary remedy." Accordingly, the Court stands by its previous order dismissing Plaintiff's case for want of prosecution. The Court reiterates that it dismissed Plaintiff's case without prejudice.

Next, the Court likewise denies Defendants' Motion for Attorney's Fees. Defendants argue they are entitled to attorney's fees because Plaintiff brought this action in bad faith. The Court is unpersuaded. The allegations advanced by Defendants are simply insufficient to establish their contention that Plaintiff's brought this action solely to "silence its critics." As such, the Court finds no good cause shown as to why Defendants should be awarded attorney's fees in this matter.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration is DENIED. (Dkt. No. 147).

**IT IS FURTHER ORDERED** that Defendants' Motion for Attorney's Fees is DENIED. (Dkt. No. 150).

Dated: December 12, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE