Amjad M. Khan (SBM 237325)
amjad@bnsklaw.com
Jill R. Glennon (SBN 204506)
jill@bnsklaw.com
**BROWN NERI SMITH & KHAN LLP**
11601 Wilshire Boulevard, Suite 2080
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

*Attorneys for Plaintiff*
REACHLOCAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| REACHLOCAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PPC CLAIM LIMITED, a British limited company; KIERAN PAUL CASSIDY, an individual; and DOES 1-50,<br><br>Defendants. | Case No. 2:16-cv-01007-R-AJW<br><br>Judge: Hon. Manuel L. Real<br><br>**EXHIBIT 1 TO BARNES DECLARATION**<br><br>**FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED 5/31/2019** |

# EXHIBIT 1

Amjad M. Khan (SBN 237325)
amjad@bnsklaw.com
Jill R. Glennon (SBN 204506)
jill@bnsklaw.com
**BROWN NERI SMITH & KHAN LLP**
11766 Wilshire Boulevard, Suite 1670
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

*Attorneys for Plaintiff*
REACHLOCAL, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

REACHLOCAL, INC., a Delaware corporation,

Plaintiff,

v.

PPC CLAIM LIMITED, a British limited company; KIERAN PAUL CASSIDY, an individual; and DOES 1-50,

Defendants.

Case No. 2:16-cv-01007-R-AJW

Judge: Hon. Manuel L. Real

**REACHLOCAL'S ATTORNEYS' EYES ONLY INITIAL DISCLOSURES SUBJECT TO PROTECTIVE ORDER**

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure ("FRCP") plaintiff ReachLocal, Inc. ("Plaintiff" or "ReachLocal") hereby submits to defendants PPC Claim Limited ("PPC") and Kieran Paul Cassidy ("Mr. Cassidy" and collectively, the "Defendants") (all parties collectively referred to as the "Parties") the following initial disclosures, which are designated as ATTORNEYS' EYES ONLY pursuant to the Protective Order in connection with the above-referenced matter.

These disclosures are made based upon information known and available to ReachLocal at the time of this submission. ReachLocal expressly reserves the right to augment, supplement and/or modify these disclosures as both formal and informal discovery progresses in this matter.

**A. <u>WITNESSES</u>: The name, address and telephone number of each individual likely to have discoverable information – along with the subjects of that information, that disclosing party may use to support its claims or defenses.**

Attached hereto as Exhibit 1 is list of ReachLocal's clients who were contacted by Defendants. The list is part of ReachLocal's initial disclosures and is designated ATTORNEYS' EYES ONLY subject to the Protective Order the parties have agreed to in the above-captioned action.

**C. <u>DAMAGES:</u> A computation of each category of damages claimed by the disclosing party.**

Damages in the amount that Defendants were unjustly enriched by ReachLocal's customer list as determined with reference to the reasonably royalty fee for use of ReachLocal's proprietary customer list. The reasonable royalty can be calculated with reference to contracts ReachLocal negotiated at arms-length for purchase of customer lists from third parties. Pursuant to those contracts, ReachLocal estimates the per-lead cost for use of a customer list to be $0.35 per lead. When that number is multiplied by the number of leads/clients in

ReachLocal's database, 2,055,922, the estimated reasonable royalty is $719,572. The exact value of the reasonable royalty may properly be the subject of expert testimony. ReachLocal reserves its right to provide expert evidence in accordance with the Court's discovery order.

Compensatory damages in the amount of profits ReachLocal lost when its clients, GoMow and Inlight Gobos, terminated their contracts with ReachLocal as a result of Defendants' conduct. ReachLocal estimates these damages to be the amount of the contract revenues over a three-year period multiplied by the estimated operating profit margin for those contracts: $2300 x 36 x 35% = $29,980.

Compensatory damages in the amount of $40,903.85, which are the costs ReachLocal incurred to mitigate the damage caused by Defendants' communications with its employees. The amounts of these damages may be calculated by multiplying (1) the estimated time spent on this matter by ReachLocal officers and employees since December 15, 2015 by (2) the implied hourly wage of each ReachLocal employee involved in this effort.

Attached hereto as Exhibit 2 is a spreadsheet reflecting the estimated time spent by and implied hourly rate of the key ReachLocal officers and employees who devoted time to addressing the impact of Defendants' conduct on ReachLocal's employees, customers and investors. This spreadsheet is part of ReachLocal's initial disclosures and is designated ATTORNEYS' EYES ONLY subject to the protective order the parties have agreed to in the above captioned action.

/ / /

/ / /

/ / /

Dated: July 15, 2016

**BROWN NERI SMITH & KHAN LLP**

By: /s/ Amjad M. Khan

Amjad M. Khan
Jill R. Glennon

*Attorneys for Plaintiff*
REACHLOCAL, INC.

# EXHIBIT 2

**ATTORNEYS' EYES ONLY PURSUANT TO PROTECTIVE ORDER**

**Exhibit 2 to ReachLocal's Confidential Initial Disclosures**

| Employee | Emails sent per month (on avg) | Estimated Hours Per Month | No. of Months beginning December 2015 | Total Estimated Hours | Hourly Rate based on base salary + target bonus | |
|---|---|---|---|---|---|---|
| Tenlay Naliboff | 10 5 | 12 | 7 | 84 | $ 185.10 | $ 15,548.08 |
| Amber Seikely | 17.1 | 15 | 5 | 75 | $ 132.69 | $ 9,951.92 |
| Melissa Turai | 9 | 10 | 4 | 40 | $ 112 50 | $ 4,500.00 |
| Paras Maniar | 5 5 | 2 | 7 | 14 | $ 250 00 | $ 3,500.00 |
| Sharon Rowlands | 7 8 | 2 | 7 | 14 | $ 528 85 | $ 7,403.85 |
| | | | | | | $ 40,903.85 |

Amjad M. Khan (SBN 237325)
amjad@bnsklaw.com
Paul C. Fricke (SBN 258188)
paul@bnsklaw.com
Jill R. Glennon (SBN 204506)
jill@bnsklaw.com
**BROWN NERI SMITH & KHAN LLP**
11766 Wilshire Boulevard, Suite 1670
Los Angeles, California 90025
Telephone: (310) 593-9890
Facsimile: (310) 593-9980

*Attorneys for Plaintiff*
REACHLOCAL, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| REACHLOCAL, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PPC CLAIM LIMITED, a British limited company; KIERAN PAUL CASSIDY, an individual; and DOES 1-50,<br><br>Defendants. | Case No. 2:16-cv-01007-R-AJW<br><br>Judge: Hon. Manuel L. Real<br><br>**REACHLOCAL'S SUPPLEMENTAL INITIAL DISCLOSURES – ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER** |

Pursuant to Rule 26(a) of the Federal Rules of Civil Procedure ("FRCP") plaintiff ReachLocal, Inc. ("Plaintiff" or "ReachLocal") hereby submits to defendants PPC Claim Limited ("PPC") and Kieran Paul Cassidy ("Mr. Cassidy" and collectively, the "Defendants") (all parties collectively referred to as the "Parties") supplemental initial disclosures, which are designated as ATTORNEYS' EYES ONLY pursuant to the Protective Order in connection with the above-referenced matter.

These disclosures are made based upon information known and available to ReachLocal at the time of this submission. ReachLocal expressly reserves the right to augment, supplement and/or modify these disclosures as both formal and informal discovery progresses in this matter.

**A. <u>DAMAGES</u>: A computation of each category of damages claimed by the disclosing party.**

ReachLocal incorporates by reference the report of designated expert, Brian Napper, produced on August 23, 2016, which sets forth various calculations and theories of recovery for trade secret misappropriation, interference with contract and unfair competition. ReachLocal further incorporates by reference its previous initial disclosures, as supplemented and modified in part hereby.

Defendants have produced declarations from the owners GoMow and InLight Gobos, which state that each client terminated their contracts with ReachLocal's agent, Compass Point LLC, for reasons unrelated to Defendants' conduct. ReachLocal has produced evidence that materially contradicts these declarations, including declarations from Matt Ramsey at Compass Point LLC, declarations from two partner development specialists at ReachLocal who managed these accounts, Steven Dollar and Allie Byrd, and portions of the deposition transcripts of Adriana Hutton and Rick Hutton. Thus, there is a

genuine dispute of fact regarding whether GoMow and InLight Gobos were lost customers of ReachLocal as a result of Defendants' conduct. While ReachLocal believes the facts reasonably support the conclusion that Defendants unlawfully disrupted and interfered with these contracts, it no longer seeks separate compensatory damages for lost contract revenues associated with GoMow.

ReachLocal is seeking compensatory damages in the form of lost profits for the cancelled InLight Gobos and Prater Concrete contracts. Together with these supplemental initial disclosures, ReachLocal has produced the declaration of Amber Rose, who testified that Defendants emails convinced her to terminate her contract with ReachLocal. Lost profits may be calculated by multiplying the amount of contract revenues over three years by the estimated operating profit margins for those contracts of 35%. InLight Gobos had an average monthly budget of $1,000. Prater Concrete's average monthly budget was $999. Accordingly, the amount of lost profits for these contracts is calculated as $25,187.4. ReachLocal has presented the new evidence regarding the declarations of Amber Rose, Matt Ramsey, Allie Byrd and Steven Dollar and the deposition testimony of Adriana Hutton and Rick Hutton to its designated expert Brian Napper. ReachLocal may supplement its expert disclosures as appropriate to reflect this newly discovered evidence.

Discovery is still ongoing. ReachLocal's motion to compel is still pending, and Kieran Cassidy will be deposed on October 1. Further, Defendants have recently produced documents demonstrating Defendants contacted approximately 700 additional ReachLocal clients. Defendants have also agreed to produce documents and information regarding ReachLocal's U.S. clients that have retained PPC Claim in connection with a planned class action in the U.S. ReachLocal

reserves the right to modify its damages computation once ReachLocal's analysis of this additional discovery is complete.

Dated:  September 22, 2016        **BROWN NERI SMITH & KHAN LLP**

By: /s/ Amjad M. Khan
    Amjad M. Khan
*Attorneys for Plaintiff*
REACHLOCAL, INC.

# CERTIFICATE OF SERVICE

I, Rowennakete P. Barnes, hereby declare under penalty of perjury as follows:

I am an attorney at the law firm of Brown Neri Smith & Khan, LLP, with offices at 11601 Wilshire Boulevard, Suite 2080, Los Angeles, California 90025. On the date below, I caused the foregoing **EXHIBIT 1 TO BARNES DECLARATION** to be electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on June 4, 2019.

/s/ Rowennakete P. Barnes